UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTHONY WHITT,

                Plaintiff,

v.

BUFFALO TRANSPORTATION INC.,

                Defendant.

Case # 17-CV-673-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Anthony Whitt brings this action for racial discrimination and retaliation against Defendant Buffalo Transportation Inc. pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000-e–2000e-17. *See* ECF No. 1. Plaintiff filed his Complaint on July 20, 2017. *Id.* On August 1, 2017, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. For the reasons that follow, Defendant's Motion is GRANTED, and Plaintiff is granted leave to file an Amended Complaint.

## BACKGROUND[1]

Plaintiff worked for Defendant on an at-will basis as a "wheelchair driver" from November 11, 2015 to September 26, 2016. ECF No. 5, at 3. He takes issue with three incidents that occurred during his employment: First, on August 14, 2016, Plaintiff was asked to complete a pick-up during his lunch break, which he refused to do. ECF No. 1, at 2. Plaintiff declined repeated requests

---

[1] All facts are drawn from Plaintiff's Complaint (ECF No. 1) and Reply to Defendant's Motion to Dismiss (ECF No. 5). *See, e.g.*, *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (instructing that a district court may consider facts included in a *pro se* party's opposition papers in deciding a motion to dismiss).

1

to take his lunch break later, and—upon discussion with his supervisor and Defendant's owner—returned the keys and company vehicle without completing the pick-up. *See id.* The next day, Plaintiff was informed that the exchange had been a "misunderstanding," and that he was still employed. *Id.*

Second, on September 14, 2016, Plaintiff received an "[e]mployment packet" describing a partnership between Defendant and Cornerstone, an employment company. *Id.* He learned that he would become a "leased-out[,] [a]t-will employee of Cornerstone," and he received a new rulebook. *Id.* Plaintiff took issue with the new rulebook's lack of revision and failure to include "key elements of NYS Discrimination Rights," along with "any sign of a contract between employer and employee." *Id.* at 3. Accordingly, Plaintiff "refused to sign th[e] new employment packet/contract." *Id.*

Third, on September 23, 2016, an administrator with Defendant called Plaintiff to inform him that he would be switched to the morning shift. *Id.* Plaintiff explained that he was unable to accommodate that change because he watched his child in the morning, and the administrator directed him to speak with Defendant's owner. *Id.* On September 26, 2016, Defendant's owner terminated Plaintiff's employment, citing Plaintiff's inability to work the morning shift. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) instructs that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the requirements of Rule 8(a)(2) for "all civil actions." *Iqbal*, 556 U.S. at 684. To be sufficient, a pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*,

550 U.S. at 555). In that vein, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). That measure of plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"—the pleaded facts must permit a "reasonable inference" of liability for the alleged misconduct. *Id.*; *see also Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (instructing that "all reasonable inferences" are to be taken in the plaintiff's favor).

While a *pro se* plaintiff's complaint remains subject to Rule 8(a)(2)'s requirements, it is entitled to "special solicitude," requiring a court to "interpret[] the complaint to raise the 'strongest claims that it suggests.'" *See, e.g.*, *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting the "obligat[ion] to construe a *pro se* complaint liberally"). Beyond the facts alleged in a *pro se* plaintiff's complaint, a court may also consider "documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010), along with "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *e.g.*, *Martinez v. Aycock-West*, 164 F. Supp. 3d 502, 508 (S.D.N.Y. 2016) (quoting *Alsaifullah v. Furco*, No. 12 Civ. 2907(ER), 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013)); *see also Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013) (instructing that a district court may consider facts included in a *pro se* party's opposition papers in deciding a motion to dismiss).

**DISCUSSION**

Plaintiff brings his claims "under 42 U.S.C. Section 1983, Title VII OF THE CIVIL RIGHTS ACT OF 1964 ( Title VII )." ECF No. 1, at 2. Specifically, Plaintiff seeks monetary damages from Defendant under § 1983 for alleged violations of Title VII. *See* ECF No. 1; *see also* ECF No. 5, at 3. Defendant argues that Plaintiff "fails to allege 'state action' or that [D]efendant acted under color of state law, which are conditions precedent to maintaining a 1983 action." ECF No. 3-2, at 2.

Defendant is correct that—by its terms—§ 1983 requires action "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. Plaintiff suggests that Defendant's incorporation under the laws of the State of New York transformed it into a "state actor," ECF No. 5, at 3, but that argument has no merit, *see, e.g.*, *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312–13 (2d Cir. 2003); *see also Abdul-Rahman v. Brooklyn Hosp.*, No. 05CV2996 (CBA)(LB), 2005 WL 2809172, at *1 (E.D.N.Y. Oct. 26, 2005) ("The mere fact that a hospital is incorporated under the laws of the State of New York or licensed to do business in New York . . . does not make it a state actor."). Plaintiff pleads no other facts to suggest any relationship between Defendant's activities and the State of New York. Contrary to Defendant's contentions, however, Plaintiff's failure to plead state action under § 1983 does not warrant the dismissal of his Complaint.

Giving proper consideration to Plaintiff's status as a *pro se* party, the Court reads the Complaint to clearly include claims under Title VII, which prohibits employers from discriminating on the basis of race. 42 U.S.C. § 2000e-2(a)(1); *see* ECF No. 1 (listing the "nature of the suit" and "cause of action" as Title VII and citing violations of Title VII). Title VII also bars an employer from discriminating against an employee for opposing an employment practice that

violates Title VII. 42 U.S.C. § 2000e-3(a). Notwithstanding Title VII's application to Defendant, Plaintiff's claims fail because—despite alleging racial discrimination and retaliation—Plaintiff never actually references race.

To avoid dismissal of his discrimination claims, Plaintiff "must plausibly allege that (1) [Defendant] took adverse action against him, and (2) his race . . . was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *see also id.* at 84–87 (explaining the pleading standards for Title VII discrimination claims). But Plaintiff does not even identify his own race, let alone assert any facts suggesting discrimination on that basis. Likewise, for his retaliation claim to survive, Plaintiff "must plausibly allege that: (1) [D]efendant[] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Id.* at 90. Yet, taking Plaintiff's allegations as true, he was fired because he could not switch to mornings, not because he opposed a purported violation of Title VII. At most, Plaintiff refused to sign a new "employment packet/contract," but that was—by Plaintiff's account—because of its contents, not in protest of any alleged racial discrimination. The "liberal" construction of *pro se* pleadings does not render *Twombly* and *Iqbal* toothless—where Plaintiff fails to even mention race, or actions regarding any other protected class, his claims of racial discrimination and retaliation cannot, as pleaded, survive dismissal.

The Court recognizes that "[a] *pro se* complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Grullon v. City of New Haven*, 720 F.3d 133, 139–40 (2d Cir. 2013) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (alterations in original). Although a court may deny leave to amend where amendment "would be 'futil[e],'" *id.*

5

at 140 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alteration in original), the Court elects to *sua sponte* afford Plaintiff the chance to correct his pleading deficiencies—namely, his failure to address race or any opposition to a claimed Title VII violation. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("[I]t is within the sound discretion of the district court to grant or deny leave to amend.").

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 3) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED. The Court grants Plaintiff leave to file an Amended Complaint correcting the pleading defects identified within thirty (30) days of the date of this Decision and Order. If Plaintiff does not file an Amended Complaint by February 10, 2018, his claims will be dismissed with prejudice without further Court order, and the Clerk of Court shall be directed to close this case.

IT IS SO ORDERED.

Dated: January 11, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court